IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

RICKY ALLEN MARTINEZ, Personal Representative
of the Estate of and surviving spouse of Audrey Marie
Martinez, deceased, and as father and next-friend of
Shantae Martinez, Eulalio Martinez and Jose Martinez,
the minor surviving children of Audrey Marie Martinez,
deceased,

                Plaintiffs,

vs.                                                              No. CIV 96-862 MV

STATE FARM MUTUAL AUTOMOBILE
INSURANCE COMPANY, a Foreign Insurance
Corporation,

                Defendant.

**MEMORANDUM OPINION AND ORDER DENYING
PLAINTIFFS' MOTION FOR NEW TRIAL AND GRANTING
DEFENDANT'S MOTION TO WAIVE FAILURE TO FILE RESPONSE**

**THIS MATTER** comes before the Court on Plaintiffs' Motion for New Trial filed June 5, 1997 **[Doc. No. 37]** and Defendant's Motion to Waive Defendant's Failure to File Response to Plaintiffs' Motion for New Trial filed July 2, 1997 **[Doc. No. 40]**. The Court, having considered the pleadings, relevant law, and being otherwise fully-informed, finds that Defendant's motion is well-taken and will be **GRANTED** and Plaintiffs' motion is not well-taken and will be **DENIED**.

**FACTUAL BACKGROUND**

On September 11, 1994, Audrey Marie Martinez was killed and her minor daughter, Plaintiff Shantae Martinez, was seriously injured when the vehicle in which they were riding collided with a car driven by Mr. Juhasz. In the accident, Abigail Vigil was also killed and Teresa Valdez and Luciano Gallegos were injured. It is undisputed that Mr. Juhasz's negligence was the

cause of the accident.

Mr. Juhasz had liability insurance with limits of $300,000 per person and $500,000 per accident. Mr. Juhasz's insurance company paid a total of $500,000 to the injured parties. Of the $500,000.00 paid by Mr. Juhasz's insurance company, $195,000 went to the Estate of Audrey Marie Martinez. The remaining $305,000 was paid to Luciano Gallegos, Teresa Valdez, the Estate of Abigail Vigil, and Abel and Helen Vigil.

At the time of the accident, Ricky and Audrey Marie Martinez had two policies of insurance with State Farm. Each policy had uninsured motorist coverage of $50,000 per person and $100,000 per accident. Plaintiffs filed an action seeking to collect under these two policies.

The Court, applying Colorado law, found that Mr. Juhasz was not underinsured under the applicable language of the insurance policy and statute and that Plaintiffs were not entitled to recover under their underinsured motorist coverage issued by State Farm. The Court granted summary judgment for Defendants on May 21, 1997. Plaintiff subsequently filed the instant Motion for a New Trial pursuant to Rule 59 of the Federal Rules of Civil Procedure. While Plaintiffs incorrectly style their motion as a motion for a new trial when Plaintiffs' entire case was dismissed with prejudice on a summary judgment motion, the Court will consider the motion as a Rule 59 (e) motion for reconsideration. *See Cooper v. Singer*, 689 F.2d 929, 930 (10th cir. 1982) (motion that questions correctness of judgment is a Rule 59 motion no matter what the label); *Hannon v. Maschner*, 981 F.2d 1142, 1145 (10th Cir. 1992) (motion for reconsideration that requests substantive change in district court's decision may be considered under Rule 59).

Defendant, incorrectly believing that the "package requirements" outlined in D.N.M.L.R. Civil 7.3(a) applied to Plaintiffs' Motion for New Trial, mailed its response directly to Plaintiff's

counsel on June 19, 1997.  Upon learning that Rule 7.3(a) did not apply to post-judgment motions and that Plaintiffs' counsel did not intend to file the original of Defendant's Response, Defendant immediately filed its response with the Court on July 1, 1997--12 days beyond the 14-day period provided for filing a response.  The Court finds there was no resulting prejudice to Plaintiffs due to the fact that Plaintiffs were served with the response within the 14-day period.  Furthermore, the late filing did not delay the Court's consideration of Plaintiffs' motion.  Therefore, pursuant to the Court's inherent power to waive any rule to avoid injustice, the Court will permit the late filing of Defendant's Response.  *See* D.N.M.LR-Civ. 1.7.

## DISCUSSION

A motion for reconsideration is an opportunity for the court to correct manifest errors of law or fact, to review newly discovered evidence or to review a prior decision when there has been a change in the law.  *Harsco Corp. v. Zlotnicki,* 779 F.2d 906, 909 (3d Cir. 1985).  Absent extraordinary circumstances, "revisiting the issues already addressed 'is not the purpose of a motion to reconsider.'"  *Van Skiver v. United States*, 952 F.2d 1241, 1243 (10th Cir. 1991).  Mere disagreement with a court's factual findings is also not a proper basis for a motion to reconsider.  *See Bowe v. SMC Electrical Products, Inc.*, 945 F. Supp. 1482, 1483 (D. Colo. 1996) (noting that a motion for reconsideration is proper when the court has made a mistake not of reasoning but of apprehension) (internal quotes and cites omitted).  A motion to reconsider advanced for improper purposes "can waste judicial resources and obstruct the efficient administration of justice."  *United States ex rel. Houck v. Folding Carton Administration Committee*, 121 F.R.D. 69, 71 (N.D.Ill.1988).

In their motion, Plaintiffs disagree with the Court's reasoning on several points and argue

that the Court failed to account for the persuasiveness of a New Mexico case.[1]  Plaintiffs' motion raises no new arguments or issues.  Nor does it allege that there has been an intervening change in controlling law or that there is any newly discovered evidence.  It is clear that Plaintiffs disagree with the Court's reasoning not its apprehension.  The appropriate remedy, therefore, is an appeal and not a motion for reconsideration.

    **IT IS THEREFORE ORDERED** that Plaintiff's Motion for New Trial filed June 5, 1997 **[Doc. No. 37]** is hereby **DENIED**.

    **IT IS FURTHER ORDERED** that Defendant's Motion to Waive Defendant's Failure to File Response to Plaintiffs' Motion for New Trial, filed July 2, 1997 **[Doc. No. 40]** is hereby **GRANTED**.

_____
MARTHA VÁZQUEZ
UNITED STATES DISTRICT JUDGE

Gordon H. Rowe III
Attorney for Plaintiffs

Jonathan A. Cross
Eric M. Sommer
Attorneys for Defendant

---

[1] The Court notes that the case Plaintiffs allege that the Court ignored, *State Farm Mutual Automobile Ins. Co. v. Valencia*, 905 P.2d 202 (N.M. App. 1995), is a New Mexico case that has no precedential value as Colorado law is controlling in this case.  Not only is the case of no precedential value, it stands in direct contrast to Colorado law on the same issue.  *See Leetz v. Amica Mutual Ins. Co.*, 839 P.2d 511 (Colo. App. 1992).